# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONNE L. MIESSEK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL GOVERNMENT,<br><br>　　　　　Defendant. | **Case No.  1:22-cv-01021-SKO**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**(Doc. 3)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Tonne L. Miessek, proceeding pro se, filed this civil action on August 15, 2022. (Doc. 1.)  Plaintiff also filed an application to proceed without the prepayment of fees, but the form application was not complete. (*See* Doc. 2.)  The application indicated that Plaintiff received money from disability or workers compensation payments, but it did not state the amount received and what Plaintiff expects to continue to receive. (*See id*.)  It was also unclear whether Plaintiff owns any real estate, stocks, bonds, securities, other financial instruments, automobiles, or any other thing of value. (*See id*.)

On August 18, 2022, the Court issued an order denying without prejudice Plaintiff's application to proceed without the prepayment of fees and directing Plaintiff to either file an amended application, completed and signed, or pay the $402.00 filing fee for this action, within thirty days. (Doc. 3.)  Plaintiff was cautioned that the failure to comply with the Court's order would result in a recommendation that this action be dismissed. (*See id*.)  More than thirty days

1   have passed, and Plaintiff has failed to file an amended application or to pay the filing fee.

2   Further, when served at Plaintiff's address of record, the August 18, 2022, order was returned as undeliverable on September 19, 2022.  Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b).  Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to provide their current address, request an extension, or to otherwise explain their lack of compliance with the order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for Plaintiff's failure to comply with the Court's order and Local Rules and failure to prosecute.  Alternatively, within this same time period, Plaintiff may pay the $402.00 filing fee for this action, file an amended application to proceed without the prepayment of fees, or file a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if they fail to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action

be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **November 29, 2022**          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE