# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONNE L. MIESSEK,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL GOVERNMENT,<br><br>    Defendant.<br>_____/ | Case No. 1:22-cv-01021-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>(Docs. 3 & 4)<br><br>**TWENTY-ONE DAY DEADLINE**<br><br>Clerk to Assign District Judge |

       Plaintiff Tonne L. Miessek, proceeding pro se, filed this civil action on August 15, 2022. (Doc. 1.) Plaintiff also filed an application to proceed without the prepayment of fees, but the form application was not complete. (*See* Doc. 2.) The application indicated that Plaintiff received money from disability or workers compensation payments, but it did not state the amount received and what Plaintiff expects to continue to receive. (*See id*.) It was also unclear whether Plaintiff owns any real estate, stocks, bonds, securities, other financial instruments, automobiles, or any other thing of value. (*See id*.)

       On August 18, 2022, the Court issued an order denying without prejudice Plaintiff's application to proceed without the prepayment of fees and directing Plaintiff to either file an amended application, completed and signed, or pay the $402.00 filing fee for this action, within thirty days. (Doc. 3.) Plaintiff was cautioned that the failure to comply with the Court's order would

result in a recommendation that this action be dismissed. (*See id*.) More than thirty days have passed, and Plaintiff has failed to file an amended application or to pay the filing fee.

When served at Plaintiff's address of record, the August 18, 2022, order was returned as undeliverable on September 19, 2022. (*See* Docket.) Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to provide a current address, request an extension, or to otherwise explain the lack of compliance with the order.

On November 29, 2022, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for their failure to comply with this Court's order and Local Rules and for their failure to prosecute this case. (Doc. 4.) Plaintiff was again warned in the OSC that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id*. at 2–3.) Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute

and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the Court's orders and the Local Rules, there is no alternative but to dismiss the action.  Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and the Local Rules and the failure to prosecute this action.

The Clerk of Court is **DIRECTED** to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **January 4, 2023**               /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3